HORNSBY, Chief Justice
(concurring specially):
Although I concur in the denial of certiora-ri review, I write to address Ex parte Devine, 398 So.2d 686 (Ala.1981). In Devine, this Court abandoned the “tender years doctrine” and set out 12 factors the trial court must consider in determining custody in divorce cases:
(1) “The sex and age of the children”;
(2) “the characteristics and needs of the child, including their emotional, social, moral, material and educational needs”;
(3) “the respective home environments offered by the parties”;
(4) “the characteristics of those seeking custody, including age, character, stability, [and] mental and physical health”;
(5) “the capacity and interest of each parent to provide for the emotional, social, moral, material and educational needs of the children”;
(6) “the interpersonal relationship between each child and each parent”;
(7) “the interpersonal relationship between the children”;
(8) “the effect on the child of disrupting or continuing an existing custodial status”;
(9) “the preference of each child, if the child is of sufficient age and maturity”;
(10) “the report and recommendation of any expert witnesses or other independent investigator”;
(11) “available alternatives”; and
(12) “any other relevant matter the evidence may disclose.”
*710 398 So.2d at 696-97. This Court explained that only by considering these factors would the trial court “truly consider the best interests of [the child].” Id. at 696.
In the present case, the trial court’s order did not specify any findings of fact regarding the Devine factors. In the absence of proof otherwise, we must assume that the trial court made its decision based on these 12 factors. Devine does not require that the trial court set out its findings in regard to those 12 factors. However, it would be helpful for the trial court to state its findings of fact in relation to the Devine factors; to do so would allow a more meaningful appellate review of such an important determination.